Fairmount Insurance Company (A Domestic Stock Casualty Co.), Petitioner v. Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued April 30, 1984, before Judges ROGERS, MACPHAIL and BARBIERI, sitting as a panel of three.

*William J. Kuntz,* with him, *William R. Balaban, Balaban and Balaban,* and *Alfred Sarowitz, Margolis, Edelstein, Scherlis, Sarowitz and Karemer,* for petitioner.

*Samuel R. Marshall,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 13, 1984:

This matter comes to us as an appeal by Fairmount Insurance Company (Company) from an interlocutory order of the Acting Insurance Commissioner (Commissioner) which has been certified as involving a controlling question of law as to which there is a substantial ground for difference of opinion, pursuant to Section 702 of the Judicial Code, 42 Pa. C. S. §702. The central issue is the interpretation of Section 215

(a) of The Insurance Company Law of 1921 (Law), Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. §405(a).

The Company filed Articles of Agreement which were approved by the Pennsylvania Insurance Department (Department) in accordance with Section 211 of the Law, 40 P.S. §401. Subsequently, the Governor approved the Articles of Agreement and issued Letters Patent. The president of the Company notified the Commissioner that the Company was ready to commence doing business, seeking a Certificate of Authority. Although the Company otherwise had complied with the requirements of Section 215(a) of the Law, the Commissioner refused to issue the Certificate of Authority pending an examination of the qualifications of the incorporators and directors of the Company, pursuant to the supplemental paragraph of Section 215 of the Law, 40 P.S. §405.

The Company argues that the Commissioner may not now refuse to issue the Certificate of Authority, the Articles of Agreement having been approved and the Letters Patent issued. The Company would have us determine that the supplemental paragraph of Section 215 requires the examination of incorporators and directors prior to the approval of the Articles of Agreement. We cannot do so.

Section 215(a) of the Law provides that:

As soon as the entire amount of the authorized capital of a stock insurance company, incorporated under this act, has been paid in, certificates shall be issued therefor to the persons entitled to receive the same, which certificates shall be transferable upon the books of the company; and the president or secretary of the company shall notify the Insurance Commissioner that the entire capital stock and paid in surplus of the company has been paid in, and

that it is ready to commence business. Upon receipt of such notice, the Insurance Commissioner shall, in person or by deputy or examiners, examine the company; and, in case he finds that it has complied with the provisions of this Act, and is possessed of funds, invested in the manner hereinafter specified, equal to the amount of its capital stock and paid in surplus, he shall issue to said company a certificate showing that it has been organized in accordance with the provisions of this act, and that it has the requisite amount of capital stock and paid in surplus for the transaction of business in the Commonwealth, which certificate shall empower the company to issue policies, and otherwise transact the business of insurance for which it was incorporated.

Sections 215(b) and (c), 40 P.S. §§405(b) and (c), provide for the issuance of certificates to mutual life insurance companies and mutual companies other than life companies, respectively.

The supplemental paragraph to Section 215 states that:

The Insurance Commissioner may also conduct such examination of any proposed company, as may be deemed necessary, to determine whether the responsibility, character, and general fitness for the business, of the incorporators and directors, named in the articles, are such as to command the confidence of the public, and to warrant the belief that the business of the proposed company will be honestly and efficiently conducted, in accordance with the intent and purpose of this act.

While it is true that the Commissioner approved the Company's Articles of Agreement, this approval pursuant to Section 211 of the Law certifies that "the

requirements of this act *in relation to the incorporation of* insurance companies have been complied with." (Emphasis added.) Even though the Articles of Agreement have been approved and the Letters Patent have been issued, Section 211 further provides that no company "shall have the power to engage in the business of insurance until all provisions of this act have been complied with." *Id.* Clearly, then, although a stock insurance company has been *incorporated* under the Law, it is still a *proposed* company in terms of its ability to engage in the business of insurance prior to the issuance of a Certificate of Authority. We, therefore, see no reason why the Commissioner's authority as contained in the supplemental paragraph of Section 215 must be exercised prior to the approval of the Articles of Agreement as contended by the Company.

It is a principle of statutory construction that the legislature tends to favor the public interest as against any private interests. Section 1922(5) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1922 (5). Additionally, the legislature intends the entire statute to be effective and certain, *id.* Section 1922(2), 1 Pa. C. S. §1922(2); and does not intend a result which is absurd, unreasonable or incapable of execution, *id.* Section 1922(1), 1 Pa. C. S. §1922(1). Because we must read the Law in its entirety in order to construe Section 215(a), we hold that one of the provisions of the Law which must be complied with by the Company before it may receive a Certificate of Authority is that contained in the supplemental paragraph of Section 215, *i.e.,* that the incorporators and directors are qualified to conduct the business which the Company proposes.

To hold that the Commissioner may examine the qualifications of the incorporators and directors only prior to approval of the Articles of Agreement or sub-

sequent to the issuance of the Certificate of Authority[1] would yield an absurd result, forcing the Commissioner to authorize a company to do business in spite of any reservations which he might have about the incorporators and directors, simply because the company had met other requirements of the Law. Clearly the public interest would not best be served by this result.

Additionally, Section 308 of the Law is the provision for examination by the Commissioner of the qualifications of stockholders or members elected as directors or trustees at an annual meeting of the stockholders or directors of an insurance company. This was enacted as part of the original Law, and subsequent amendments have not altered this authority. The next provision for such an examination, in chronological order of enactment, is that found in the supplemental paragraph to Section 215. Had the legislature intended that the examination be required prior to the approval of the Articles of Agreement, it would have added the paragraph to Section 211 instead. It is not logical that the legislature would require the Commissioner to issue the Certificate of Authority without benefit of the examination which he is authorized, by the very section listing the prerequisites to the issuance of the Certificate, to make.[2]

We are constrained to read Section 215 in its entirety. Section 215(a) does not exist independently of the rest of the Law. We hold, therefore, that Section

---

[1] See Sections 208, 308 and 314 of the Law, 40 P.S. §§388, 429 and 437.

[2] Indeed, the heading of Section 215 is "Examination of companies; certificate to do business." We may consider this in our construction of the statute. Section 1924 of the Act, 1 Pa. C. S. §1924. We find that this refers to both the examination of compliance with other sections of the Law and examination of a company in regard to the qualifications of its incorporators and directors.

215 of the Law authorizes the Commissioner to conduct an examination of the qualifications of the incorporators and directors of an incorporated insurance company which proposes to do business in the Commonwealth, at any time prior to the issuance of a Certificate of Authority for the company, without regard to whether the company has otherwise complied with the Law.

For the foregoing reasons, we will affirm the order of the Commissioner.

### ORDER

The order of the Acting Insurance Commissioner dated January 6, 1984, Docket No. C83-10-6, is hereby affirmed. The matter is remanded to the Insurance Department for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.