557 A.2d 30

**COMMONWEALTH of Pennsylvania**

v.

**Michael WILLIAMS, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1988.

Decided April 14, 1989.

Shawn C. Wagner, Assistant District Attorney, Carlisle, for Com., appellant.

Frederick I. Huganir, Carlisle, for appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, MONTEMURO, BECK and TAMILIA, JJ.

WIEAND, Judge:

The Commonwealth has appealed from an order of the trial court which granted a petition for habeas corpus and dismissed a criminal information charging Michael Williams with violating the provisions of 18 Pa.C.S. § 5123(a) which prohibit contraband to confined persons.

Williams was found in possession of a small amount of marijuana when he entered the State Correctional Institution at Camp Hill. The Commonwealth has conceded that Williams did not intend to deliver the same or allow it to come into the possession of an inmate at the institution. The legal issue in this appeal is whether these facts constitute a violation of 18 Pa.C.S. § 5123(a). This section of the Crimes Code provides:

A person commits a misdemeanor of the first degree if he sells, gives, or furnishes to any convict in a prison, or inmate in a mental hospital, or gives away in, or brings into any prison, mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a mental hospital, or employe thereof, any kind of spirituous or fermented liquor, drug, medicine, poison, opium, morphine, or other kind of narcotics (except the ordinary hospital supply of the prison or mental hospital) without a written permit signed by the physician of such institution, specifying the quantity and quality of the liquor or narcotic which may be furnished to any convict, inmate, or employe in the prison or mental hospital, the name of the

prisoner, inmate or employe for whom, and the time when the same may be furnished, which permit shall be delivered to and kept by the warden or superintendent of the prison or mental hospital.

The Commonwealth argues that the offense is complete when a person brings into a prison any of the enumerated substances and that no further intent or mens rea is required. It contends that the words "for the use and benefit of the prisoners or inmates" were intended to modify and refer to land owned or leased by the Commonwealth or county. According to this interpretation, the words "for the use and benefit of the prisoners or inmates" were not intended by the legislature to establish an element of the offense. Credence is provided to this argument by the grammatical location of the phrase and the absence of a comma following the word "county."

Appellee argues, on the other hand, that when the statutory provision is read in its entirety and interpreted in light of the evil intended to be prevented, the words "for the use and benefit of the prisoners or inmates" must be read in conjunction with the proscription against bringing contraband into prisons. We are persuaded by this argument.

In the first place, both the majority of this Court and those members who are in dissent are in agreement that the evil which the legislature intended to prevent was allowing contraband to come into the possession of prisoners or inmates. The object to be attained by the legislature is an important consideration in interpreting the statute. See: 1 Pa.C.S. § 1921(c)(4); *Commonwealth v. Westcott*, 362 Pa.Super. 176, 192, 523 A.2d 1140, 1148 (1987); *Royal Indemnity Co. v. Adams*, 309 Pa.Super. 233, 244, 455 A.2d 135, 141 (1983). In this respect it is also to be observed that the statutory proscription has been labeled "contraband to confined persons prohibited." This heading may also be considered in construing the statute. See: 1 Pa.C.S. § 1924; *Fedor v. Borough of Dormont*, 487 Pa. 249, 254 n. 3, 409 A.2d 334, 337 n. 3 (1979); *Fairmount Insurance Co. v. Commonwealth, Insurance Department*, 85 Pa.Cmwlth. 131, 136 n. 2, 481 A.2d 696, 698 n. 2 (1984).

A reading of the statutory provision in its entirety is persuasive that the conduct intended to be prohibited was the bringing of enumerated substances into a prison for the use and benefit of prisoners or inmates. When creating an exception to the general proscription, the legislature spoke clearly of written permits specifying the nature of the substance and the quantity thereof to be "furnished" to the prisoner or inmate.

It does not appear that the legislature intended to make it criminal for a prison visitor to have in his possession either prescription drugs or medicine intended for his or her own personal use. Indeed, to interpret the statutory language in such a manner would be to violate the admonition that the legislature should not be deemed to intend a result that is absurd or unreasonable. See: 1 Pa.C.S. § 1922(1); *Lehigh Valley Co-op Farmers v. Commonwealth, Bureau of Employment Security*, 498 Pa. 521, 526, 447 A.2d 948, 950 (1982); *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983).

■ After all the rules of statutory construction have been examined, however, the rule which is most persuasive is the mandate to construe strictly those statutory provisions which are penal in nature. See: 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Driscoll*, 485 Pa. 99, 107, 401 A.2d 312, 316 (1979) (plurality opinion); *Commonwealth v. Darush*, 256 Pa.Super. 344, 348, 389 A.2d 1156, 1158 (1978). "Strict construction is necessary to avoid the injustice of convicting a person without clear notice to him that contemplated conduct is unlawful." *Commonwealth v. Mlinarich*, 345 Pa.Super. 269, 273, 498 A.2d 395, 397 (1985), *aff'd by an equally divided court*, 518 Pa. 247, 542 A.2d 1335 (1988). See: *Commonwealth v. Broughton*, 257 Pa.Super. 369, 377, 390 A.2d 1282, 1286 (1978). "It also serves to prevent courts from creating offenses which the legislature did not intend to create." *Commonwealth v. Mlinarich, supra.* See: *Commonwealth v. Cluck*, 252 Pa.Super. 228, 238, 381 A.2d 472, 477 (1977).

We hold, therefore, that in order to prove a violation of 18 Pa.C.S. § 5123(a), the Commonwealth must prove that the accused brought contraband into a prison or mental hospital intending it for the use and benefit of prisoners or inmates. In this case, the Commonwealth has conceded that the marijuana found on appellee's person when he entered the prison was not destined for a prisoner or inmate. Under these circumstances, the offense defined at 18 Pa.C.S. § 5123(a) was not committed, and the trial court properly dismissed the information.

Order affirmed.

BROSKY, J., files a dissenting opinion in which CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ. join.

MONTEMURO, J., files a separate dissenting statement.

MONTEMURO, Judge, dissenting:

I am in total agreement with the Dissent's conclusion that intent is not necessary for violation of § 5123, and write separately only to add my own reasoning to that of Judge Brosky.

As the majority points out, the express purpose of the statute is to prevent the introduction of prohibited substances into areas where those to whom such things are forbidden can acquire them. It is then concluded that the legislatively disapproved conduct is the intentional introduction of such substances for the purpose of providing them to prisoners or inmates. However, I believe that because the objective is prevention, whether importation has occurred through deliberation or inadvertence is irrelevant; under the majority's logic, almost any behavior is allowable as long as the thoughts are pure. This seems contrary to the thrust of the statute.

Further, it is difficult to understand, since statutes are not to be given absurd interpretation, how substances can be said to "benefit" those for whom they have been made illegal. The majority states, with accuracy, that the legisla-

ture does not appear to make criminal the possession by a visitor of his own prescription drugs or medicines. I believe a practical distinction can be made by prison officials between the possession of these legitimate substances, and the possession of those which, like the marijuana at issue here, are illegal per se, or have no reasonable purpose in a prison setting. Like the Dissent, I would reverse and remand.

BROSKY, Judge dissenting:

I dissent.

Our review of this case has been aided by the Commonwealth's concession that appellee did not intend that the marijuana come into the possession of an inmate. Therefore, we are faced with a purely legal question of whether such intent is necessary for a conviction of the offense of contraband or whether simply possession of the contraband in such an institution is sufficient. I believe intent is irrelevant under the statutory language. The text of the statutory provision in question reads:

§ 5123. Contraband.

(a) Contraband to confined persons prohibited.—A person commits a misdemeanor of the first degree if he sells, gives or furnishes to any convict in a prison, or inmate in a mental hospital or gives away in, *or brings into any prison,* mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a mental hospital, or employee thereof, any kind of spirituous or fermented liquor, drug, medicine, poison, opium, morphine, or other kind of narcotics, without a written permit signed by the physician of such institution, specifying the quantity and quality of the liquor or narcotic which may be furnished to any convict, inmate, or employee in the prison or mental hospital, the name of the prisoner, inmate, or employee for whom, and the time when the same may be furnished, which permit shall be

delivered to and kept by the warden or superintendent of the prison or mental hospital.

(Emphasis added).

The Commonwealth argues that the language "or brings into any prison" encompasses the conduct of appellee and does not require an intent to transfer the contraband to an inmate. The trial court found unclear whether the language "for the use and benefit of the prisoners" was meant to be tied to the phrase "or brings into any prison" or to the language "land granted to or owned or leased by the Commonwealth or county". Considering the legal premise that penal statutes are to be strictly construed and ambiguities resolved in favor of criminal defendants, *Commonwealth v. Darush*, 256 Pa.Super. 344, 389 A.2d 1156 (1978), as well as the overall import of the statutory provision, the trial court concluded that an intent to deliver to an inmate was a necessary element of the offense, and thus the charges should be dismissed. The majority would affirm this decision. I respectfully disagree.

As noted by the trial court, there is perhaps some ambiguity with regard to the phrase "for use and benefit of the prisoners." It could be read to qualify the bringing of contraband into the prison so that the phrase would be read to prohibit bringing into a prison a contraband substance for the use and benefit of the prisoners. However, this interpretation seems a bit strained when the location and context of the phrases are considered.

The more natural sounding construction would read this phrase to qualify the nature of the land owned or leased by the Commonwealth so that the phrase would read: *brings into* 1) any prison, 2) mental hospital, 3) any building appurtenant thereto, 4) or land granted to or owned or leased by the Commonwealth or County for the use or benefit of the prisoners or inmates. Not only is this a more natural sounding construction of the legislature's language, I believe it also works to effectuate the intent of the enactment.

It appears clear that the harm the legislature desired to prevent is the acquisition of the contraband substance by

the confined person. Although this goal would be effectuated to a certain degree if read with an intent to transfer, there would still be a risk, one that could be quite substantial, that a confined person would acquire such proscribed substances even if brought into the prison without intent to transfer the same. In such cases the purpose of the statute would be left unfulfilled and the harm sought to be prevented would occur. It is noteworthy that the language does not qualify the language "brings into" with intent to transfer to an inmate.

When we are called upon to interpret a legislative enactment we will attempt to construe its terms in a logical fashion while also trying to effectuate its general purpose. I believe the language of the subject statute is straight forward and prohibits bringing the enumerated substances onto prison property regardless of whether or not the individual has an intent to transfer the substance to a prisoner or not. As such, I would reverse the order dismissing the contraband charge and remand to the trial court.

CIRILLO, President Judge, and ROWLEY and MONTEMURO, JJ., join.