## Hill v. Smith

*Dennis G. Kuftic,* for plaintiffs.

*James D. McDonald* and *Daniel J. Pastore,* for defendant Standard Oil Co.

LEVIN, *J.,* August 15, 1990 — Before this court is a motion for summary judgment filed by defendant Standard Oil Company. It is Standard Oil's contention that plaintiff Hill's action is barred by 75

Pa.C.S. §4702.1 regarding the limited liability of inspection stations.

This action arises out of a collision between vehicles operated by defendants Vernie Smith and Kevin Weum on November 4, 1984. At the time of the accident, plaintiff Gary Lee Hill was a passenger in the front seat of a 1967 Volkswagen operated by defendant Weum. The injuries Hill suffered in this accident underlie this cause of action.

Defendant Standard Oil Company had conducted a Pennsylvania State Motor Vehicle Inspection of this Volkswagen on October 11, 1984. Plaintiffs' action against Standard Oil is based upon a claim that Standard Oil wrongfully passed this Volkswagen for inspection when it was not in compliance with Pennsylvania State Motor Vehicle Inspection Regulations.

Plaintiffs assert that the vehicle failed to comply with Pennsylvania State Motor Vehicle Inspection regulations in two ways. First, plaintiffs allege that the vehicle did not have seat belts as required by the regulations. All 1967 vehicles are not required to have seat belts per the regulations. However, if a 1967 vehicle was originally equipped with them, then the regulations require the belts to be in the car and operational for inspection purposes. Plaintiffs allege that this vehicle was originally equipped with belts and thus was required to have them at the time of inspection. Whether or not this vehicle was originally equipped with belts and whether they were present at the time of inspection remains an issue of fact. Secondly, plaintiffs allege that the passenger seat-lock mechanism was not functional, as it was missing a lock lever, contrary to state law.

Plaintiffs contend that these alleged defects existed at the time of inspection. Plaintiffs further allege negligence in Standard Oil's failure to detect

them and negligence in Standard Oil's passing the vehicle for inspection purposes in light of these defects. Plaintiffs do not allege that Standard Oil created or caused either of these conditions. Similarly, plaintiffs do not allege that the condition of the vehicle caused the accident, but rather that these conditions contributed to plaintiff's injuries.

Since this case involves a motion for summary judgment against plaintiff, the court must resolve all factual disputes and allegations in favor of the plaintiff. *Trenco Inc. v. Commonwealth of Pennsylvania, Department of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989); *Pennsylvania Gas and Water Company v. Nenna & Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983). Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Peluso v. Walter,* 334 Pa. Super. 609, 483 A.2d 905 (1984). It is not the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. *Thorsen v. Iron & Glass Bank,* 328 Pa. Super. 135, 475 A.2d 928 (1984).

Defendant Standard Oil asserts that its motion for summary judgment should be granted based on 75 Pa.C.S. §4702.1. Inasmuch as the controlling issue on this motion for summary judgment is not one of fact, but one of law, the issue is ripe for summary judgment determination. The relevant portion of the statute reads as follows:

"[N]either the official inspection station issuing the certificate of inspection nor the official inspection mechanic performing the inspection shall be

liable to the owner or occupants of any inspected vehicle for any damages caused by the failure or malfunction of that vehicle or to the owner or occupants of any vehicle . . . unless it can be shown by a preponderance of the evidence that the failure was caused by the negligence of the inspection station or mechanic.''

Plaintiff does not assert that Standard Oil's negligence actually caused the defects in the car, thus the cause of action does not fit within that exception to immunity. Therefore the issue before this court, simply put, is whether the lock mechanism and/or seat belt "failed or malfunctioned" so as to bar Standard Oil's liability for injuries to plaintiff, Hill.

The statute is a liability-limiting statute and plaintiffs must bring themselves within the exceptions to confer liability on Standard Oil. The statute, in essence, is designed to protect inspection stations from liability for nonfeasance. The exception allowing the imposition of liability for failures "caused by the negligence of the inspection stations or mechanic," leaves the door open to impose liability on inspection stations for active malfeasance. For example, if the inspection station were to improperly adjust or repair the brakes on a car and an accident resulted from negligence in these repairs there would clearly be liability under the statute. Conversely, the statute protects inspection stations from liability where the station inspects and passes the brakes for inspection purposes without adjustment or repair, and brake failure later causes an accident.

Another door is left open by the statute which also allows the imposition of liability. Per the actual verbiage of the statute it bars liability specifically for only "failures and malfunctions." If a problem is neither a failure or malfunction, it is not covered by the statute and liability is not barred. Plaintiff has

not alleged that the failure was caused by defendant's malfeasance, but contrarily has alleged that the defective condition existed at the time of the inspection. Therefore, the question before this court is whether the failure of the lock mechanism and the non-existence of seat belts constitutes a failure or malfunction under 75 Pa.C.S. §4702.1 barring defendant's liability.

Preliminarily, this court notes that no cases have been found by this court or either party which construe, interpret or apply this statute. Hence, the question before this court becomes one of statutory construction.

The statute itself does not define the words "failed or malfunctioned," so according to the rules of statutory construction the court will construe the words according to their common and approved usage. See 1 Pa.C.S. §1903. The Webster's Riverside University Dictionary (1976) defines malfunction as "a failure to function" or "functioning abnormally or imperfectly." Webster's defines failure as "a cessation of proper functioning; nonperformance of what is requested." Further Black's Law Dictionary (5th ed. 1979), defines failure as "abandonment or defeat; lapse; deficiency; ineffectualness." Black's Law Dictionary does not define malfunction.

Applying the above definitions first to the seat-lock mechanism, this problem or defect was both a failure and a malfunction. As such, the defendant cannot be held liable for such within the meaning of the statute. The seat-lock mechanism, a fixture in the car, failed to function properly or was defective. This failure was not caused by the negligence of the mechanic or the inspection station. The locking system itself existed at the time of inspection, but allegedly failed during the accident. Standard Oil is

not even alleged to have caused the failure. A mere failure to discover this problem, if it even existed at the time of inspection, is not adequate to confer liability. An inspection station cannot predict what systems will fail in the future. This is a clear nonfeasance situation for which the statute bars liability. Therefore, by the plain language of the statute, the seat-lock mechanism failure does not fit within the exceptions to immunity conferred by the statute. Standard Oil cannot be held liable to plaintiffs for this failure and summary judgment is hereby granted in favor of Standard Oil on the limited issue of the seat-lock mechanism.

With regard to the seat belt, again plaintiff does not allege that the belt's absence is a failure or malfunction caused by defendant's negligence. Plaintiff alleges no active negligence, but alleges a failure to detect the lack of belts and to fail the car for inspection purposes therefore. As there is no alleged malfeasance, the issue again boils down to whether the lack of belts is a failure or malfunction bringing it within the purview of the statute. Since all issues of fact must be viewed in light most favorable to plaintiff, this court will assume for the purposes of this argument only that this Volkswagen was originally equipped with seat belts.

Most importantly it must be noted that this seat belt or seat-belt system was not in the car at the time of inspection nor is it alleged to have been. Its absence was the alleged error, and how can that which does not exist fail or malfunction? The words failure and malfunction presuppose the existence of the thing which fails. Here there was no seat belt system to fail or malfunction. Had there been evidence before the court that the seat belt system had been attached to the car as a fixture, but the buckle mechanism failed or malfunctioned, the statutory

immunity would apply. Therefore, the court cannot help but reach the inescapable conclusion that there cannot be a failure or malfunction of a thing entirely absent from the car.

The word "absence" or its equivalent is not contained in this statute and cannot be added by the court directly or by implication. A fundamental rule of statutory construction is that, where a statute contains given words and provisions, the courts have no authority to insert a word into a statute where the legislature has failed to supply it. *Garcia v. Community Legal Services Inc.*, 362 Pa. Super 484, 524 A.2d 980 (1987); *Worley v. Augustine*, 310 Pa. Super. 178, 456 A.2d 558 (1983). Also, exceptions expressed in a statute shall be construed to exclude all others. See 1 Pa.C.S. §1924. With this in mind, the court cannot add an additional exception to this statute. Thus, this court cannot find the limited immunity provided under 75 Pa.C.S. §4702.1 applicable to the seat belt question as it neither failed nor malfunctioned.

Another analogous factual scenario would arise if the Commonwealth, by newly enacted legislation, mandated that all cars in operation, regardless of when built, be required to have air bags. With the placement of air bags in new vehicles this is a distinct possibility. In such a situation there would be no question that the failure to have air bags was not a "failure or malfunction" of the vehicle. If such a legislation were to pass, it would be incumbent upon an inspection station to prevent a vehicle lacking such bags from entering the public roadways.

Defendant's argument for summary judgment as to the seat belt must further fail since its interpretation of the statute creates an absurd result barred under 1 Pa.C.S. §1922(1). See also, *Lehigh Valley*

*Co-Op Farmers v. Commonwealth,* 498 Pa. 521, 447 A.2d 948 (1982); *Fairmont Insurance Company v. Commonwealth Insurance Department,* 85 Pa. Commw. 131, 481 A.2d 696 (1984). The inspection stations are granted a privilege by the state when they are licensed to do vehicle inspections. With this privilege comes the corresponding duty to ensure that vehicles have in place that equipment which is required by law to ensure safety. Inspection stations are the logical party, in fact it is their duty, to see that cars do not enter the roads without the required equipment. To impose that duty on another, or to construe inspection stations as entirely immune from the consequences of not fulfilling their duty, is absurd.

Defendants contend that they cannot be held liable for a negligent inspection unless the failure is caused by their own active negligence. This interpretation functionally emasculates and pre-empts the Department of Transportation's State Inspection Regulations which specifically enumerate the elements to be inspected by authorized inspection stations. These regulations set standards for inspections statewide. The statute and the inspection regulations are in "part materia" as they relate to the same thing, and should be construed together if possible. See 1 Pa.C.S. §1932. To construe the statute as defendant wishes would not "construe them together," but would create a contradiction effectively pre-empting the regulations. On the other hand, this court believes that its interpretation of the statute would allow full import to be given to both the statute and the regulations and in so doing reconciles any conflicts.

As to the other contentions of Standard Oil dealing with the question of strict liability, the preamble and the similarity between the instant statute and

sovereign immunity statutes, the court will deal with them ad seriatim.

Standard Oil contends that the statute must be construed as they propose because to interpret it otherwise would be an imposition of negligence per se which is equivalent to strict liability. Defendant argues that this would destroy the clear intent of the statute which requires a plaintiff show "by a preponderance of the evidence that the failure was caused by the negligence of the inspection station or mechanic." 75 Pa.C.S. §4702.1. This court, however, cannot accept this narrow interpretation of the statute, as strict liability and negligence per se differ in several ways.

Although the statute may impose negligence per se if the evidentiary requirements are met, causation remains to be proven. Further, the defenses of contributory or comparative negligence and possibly assumption of the risk remain available to the defendant Standard Oil. These defenses would be unavailable in a strict liability scenario. See *Staymates v. ITT Holub Industries,* 364 Pa. Super. 37, 527 A.2d 140 (1987); see also, Restatement (Second) of Torts §402(a), comment n and section 483 providing that a plaintiff's contributory negligence bars his recovery for negligence of a defendant consisting of a violation of a statute, ordinance or administrative regulation. To impose strict liability, all that is necessary is proof of the "defective condition." Considering all this, it becomes apparent that the interpretation of this statute by the court does not amount to the imposition of strict liability.

Defendant can take little solace in the preamble to 75 Pa.C.S. §4702.1. This preamble is not definitive as it is subject to interpretations that support the positions of both plaintiff and defendant. Further, under the rules of statutory construction "a pream-

ble *may* be considered in the construction of a statute." Its consideration is not mandatory. See 1 Pa.C.S. §1924.

Finally, Standard Oil errs when it states that the statute is similar to those affording governmental units sovereign immunity. The exceptions to governmental immunity have traditionally been strictly construed and held to apply only when the act or omission of the government unit was the direct cause of the injury. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). Primarily the court notes that each statute must be read individually. The statute in question is not a governmental immunity statute, but serves an entirely different purpose dealing with an entirely different subject matter. Based on this, it would be error for the court to use the same rules of construction applicable to sovereign immunity statutes.

Based on the foregoing reasons, defendant Standard Oil's motion for summary judgment based on 75 Pa.C.S. §4702.1 is hereby granted in part against plaintiff Hill on the issue of the seat-lock mechanism. Defendant's motion for summary judgment on the issue of the missing seat belts is hereby denied.

## ORDER

And now, August 15, 1990, it is hereby ordered, adjudged and decreed that defendant Standard Oil's motion for summary judgment is granted in part solely on the limited issue of the failure of the seat-lock mechanism against plaintiffs Gary Lee and Barbara Hill. However, defendant Standard Oil's motion for summary judgment on the issue of the absence of seat belts is hereby denied for the reasons set forth in the foregoing opinion.