## Richardson v. Sherman

*Bernard J. Sweer,* for plaintiff.
*Fred Sherman,* pro se.

WETTICK, *J.,* January 29, 1996—Plaintiff's complaint alleges that plaintiff operates a painting/contracting business. Defendants own a single-family residence. On April 10, 1995, defendants hired plaintiff to paint the interior of their house. Plaintiff completed the work and submitted an invoice for $3,620. Defendants failed to make any payments. Plaintiff instituted this lawsuit to recover the total amount which plaintiff billed defendants.

Through a petition to amend his complaint, plaintiff also seeks to recover counsel fees and penalties as provided for in the Contractor and Subcontractor Payment Act. (Act of February 17, 1994, P.L. 73, no. 7, 73 P.S. §501 et seq.) Defendants contend that plaintiff's request to amend his complaint should be denied because the Act does not apply to this transaction.[1]

The first issue is whether the Act applies where the only work that the plaintiff performed was painting the interior of an existing building. The Act is broadly written so as to cover this work.

Section 12 of the Act (73 P.S. §512) provides for a court to award penalties and attorney's fees under certain circumstances. It reads as follows:

*"§512. Penalty and attorney fee*

*"(a) Penalty for failure to comply with act.*—If arbitration or litigation is commenced to recover payment due under this act and it is determined that an owner, contractor or subcontractor has failed to comply with the payment terms of this act, the arbitrator or court shall award, in addition to all other damages due, a penalty equal to 1 percent per month of the amount that was wrongfully withheld. An amount shall not be deemed to have been wrongfully withheld to the extent it bears a reasonable relation to the value of any claim held in good faith by the owner, contractor or subcontractor against whom the contractor or subcontractor is seeking to recover payment.

*"(b) Award of attorney fee and expenses.*—Notwithstanding any agreement to the contrary, the substantially prevailing party in any proceeding to recover any pay-

---

1. A court shall not permit an amendment which is against positive law. *Tanner v. Allstate Insurance Company,* 321 Pa. Super. 132, 137, 467 A.2d 1164, 1167 (1983).

ment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses."

Section 12 of the Act applies to any litigation commenced against *an owner* who has failed to comply with the *payment terms* of the Act. The payment terms of the Act are governed by section 5 (73 P.S. §505) which provides that an owner shall pay the contractor strictly in accordance with the terms of the construction contract; in the absence of a construction contract, the contractor may submit a final invoice for payment in full upon completion of the agreed upon work; and except as otherwise agreed by the parties, payment shall be due from the owner 20 days after delivery of the invoice. Section 2 of the Act (73 P.S. §502) defines an "owner" as any person who has an interest in real property that "is improved" and who ordered the "improvement" to be made. Under section 2, the term "improve" includes "to perform any labor upon improvements" and the term "improvement" includes "[a]ll or any part of a building or structure." Under these definitions, the present lawsuit is litigation commenced against an owner who has failed to comply with the payment terms of the Act within the meaning of section 12.

The next issue is whether the Act applies to work performed on a single-family residence. The application of the Act is governed by section 3 (73 P.S. §503) which reads in its entirety as follows:

"*§503. Application of act*

"*(a) Number of residential units.*—This act shall not apply to improvements to real property which consists of six or fewer residential units which are under construction simultaneously.

*"(b) Owner's exclusion.*—This act shall not apply to contracts for the purchase of materials by a person performing work on his or her own real property."

If subsection 3(a) simply provided that the Act does not apply to "improvements to real property which consists of six or fewer residential units," any work performed on a single-family residence would clearly be outside the scope of the Act. Plaintiff, however, contends that the additional phrase "which are under construction simultaneously" means that subsection 3(a)'s exclusion applies only to the construction of a structure.

For several reasons, I conclude that the phrase upon which plaintiff relies does not modify the statement that this Act shall not apply to improvements to real property which consist of six or fewer residential units. First, plaintiff cannot prevail if a residential unit that is being painted is a residential unit which is under construction within the meaning of subsection 3(a). Plaintiff is correct that under the normal meaning of the term "under construction," an existing building that is being painted would not be considered a unit which is under construction. However, the definition section of the Act does not give the term "construction" its normal usage. Section 2 defines a "construction contract" as any agreement to perform work on any real property located in Pennsylvania. This is consistent with the definitions of "improved" and "improvement" which include any labor performed on any part of a building or structure.[2] Consequently, under the expanded definition of "construction," this lawsuit involves an im-

---

2. Plaintiff's work would not come within section 12 of the Act without these expanded definitions. Consequently, for plaintiff to prevail, I would need to utilize section 2's definitions in construing section 12 and ignore these definitions in construing section 3.

provement to real property which consists of six or fewer units which are under construction simultaneously.

Second, the title of section 3 is "Application of act" and the title of subsection 3(a) is "Number of residential units."[3] Consequently, the purpose of subsection 3(a) is to base the application of the Act on the number of residential units; it is not to base the application of the Act on whether or not the work involves units which are under construction.

Third, plaintiff's proposed interpretation of subsection 3(a) produces a result that the legislature would not have intended. The purpose of the Contractor and Subcontractor Payment Act is to provide protection to contractors. Contractors require the greatest protection when they perform work on major construction projects. However, under plaintiff's construction of section 3, this legislation would make a distinction between large jobs (new construction/major renovation of six or fewer residential units) and small jobs (minor repairs to an existing residential unit) for the purpose of providing protection only for the latter work.

For these reasons, I enter the following order of court:

## ORDER

On January 29, 1996, it is hereby ordered that plaintiff's motion for leave to file an amended complaint raising claims under the Contractor and Subcontractor Payment Act is denied.

---

3. The headings prefixed to sections and other divisions of a statute shall not be considered to control but may be used in aid of the construction thereof. 1 Pa.C.S. §1924; *Fairmont Insurance Company v. Commonwealth of Pennsylvania Insurance Department,* 85 Pa. Commw. 131, 136 n.2, 481 A.2d 696, 698 n.2 (1984); *State Board of Education v. Franklin Township School District,* 209 Pa. Super. 410, 424, 228 A.2d 221, 227 (1967).