579 A.2d 869

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael WILLIAMS, Appellee.**

Supreme Court of Pennsylvania.

Argued May 10, 1990.

Decided Aug. 27, 1990.

Snydi L. Norris, Asst. Dist. Atty., for appellant.

Frederick I. Huganir, Public Defender, Taylor P. Andrews, Chief Public Defender, Carlisle, H. Anthony Adams, Shippensburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an order of the Superior Court which affirmed an order of the Court of Common Pleas of Cumberland County dismissing a criminal charge which had been lodged against Michael Williams, the appellee herein. *Commonwealth v. Williams*, 383 Pa.Super. 458, 557 A.2d 30 (1989) (en banc, five to four decision). Williams had been charged with bringing contraband into a state correctional institution, in violation of 18 Pa.C.S. § 5123(a). The charge arose from the fact that Williams was in possession of a small amount of marijuana when he entered the State Correctional Institution at Camp Hill as a visitor in July of 1986.[1]

The Commonwealth concedes that Williams did not intend to deliver the marijuana to prisoners at the institution and that none of the prisoners in fact obtained any of the substance. Hence, the issue presented in this appeal is whether the mere possession of marijuana by a visitor to a prison, absent an intent to deliver the substance to persons confined there, constitutes a violation of 18 Pa.C.S. § 5123(a). In pertinent part, 18 Pa.C.S. § 5123(a) provides:

> **(a) Contraband to confined persons prohibited.**—A person commits a misdemeanor of the first degree if he sells, gives, or furnishes to any convict in a prison, or inmate in a mental hospital, or gives away in, or *brings* into any prison, mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a

---

**1.** In addition to the charge relating to contraband, Williams was charged with one count of unlawful possession of marijuana, but the latter charge is not at issue here.

mental hospital, or employee thereof, any kind of spiritu-
ous or fermented liquor, drug, medicine, poison, opium,
morphine, or other kind of narcotics, (except the ordinary
hospital supply of the prison or mental hospital) without a
written permit signed by the physician of such institu-
tion....

(Emphasis added).[2] In express terms, the statute applies to
a person who "brings" a substance such as marijuana into a
prison. The courts below interpreted the statute as mean-
ing, however, that criminal liability does not attach unless
the purpose of bringing the substance into the prison was
"for the use and benefit of the prisoners or inmates." We
do not agree.

The interpretation accorded by the courts below miscon-
strues the statutory language which provides, "for the use
and benefit of the prisoners or inmates." Examination of
the statute, supra, reveals that this phrase does not modify
the word "brings" but rather modifies the language to
which it is directly attached, to wit, "on the land granted to
or owned or leased by the Commonwealth or county." This
conclusion is compelled by the unmistakable syntax of the
language. The phrase in question is positioned remotely
from the word "brings" and is directly connected to and
follows the reference to Commonwealth and county lands;
hence, it is natural to conclude that the phrase modifies the
reference to lands. See generally *Equitable Gas Co. v.
City of Pittsburgh*, 507 Pa. 53, 60, 488 A.2d 270, 273 (1985)
(modifiers generally apply to the language that immediately
precedes them.).

It is also significant to note that there is no comma
following the word "county." If there were a comma
following that word, there might be basis for regarding the
subsequent language as relating back to the word "brings."
A fair reading of the provision, with a comma inserted
there, would perhaps sound as though the word "brings" is

2. The quoted provision does not incorporate an amendment enacted
in 1988 which further defined the substances to be considered as
contraband. The amendment is of no relevance to the present case.

being modified. The legislature chose not to include a comma, however, and it would be improper to interpret the statute as though a comma exists where none in fact is present.

Further, the Crimes Code provides: "The provisions of this title shall be construed according to the fair import of their terms...." 18 Pa.C.S. § 105. See also *Commonwealth v. Lurie,* 524 Pa. 56, 569 A.2d 329, 332 (1990) ("fair import" principle of construction applies to Crimes Code provisions). The fair import of the present statute is that there are certain places where it is impermissible to bring certain enumerated substances. These consist of: 1.) any prison; 2.) any mental hospital; 3.) any building appurtenant to a prison or mental hospital; and 4.) land granted to or owned or leased by the Commonwealth or county for the use and benefit of prisoners or inmates.

If a contrary interpretation were accorded the phrase in question, certain incongruities in the statute would appear. For example, it is easy to understand that the legislature might have contemplated that land would be employed for the use and benefit of prisoners and inmates. Yet, if the phrase "for the use and benefit of prisoners or inmates" were taken as referring not to the land but rather to the act of bringing contraband substances onto prison property, it is doubtful that the legislature would have referred to such an act as being for the *benefit* of the prisoners and inmates rather than merely for their *use.* In addition, if the land to which the statute applies is not viewed as being limited by the phrase in question, the scope of affected property would be clearly expanded. The result could be application of the statute to all Commonwealth and county lands, rather than just such lands as have some nexus with prisoner and inmate activities.

When interpreting a provision of the Crimes Code that contains language susceptible to differing constructions, it is proper to consider the purpose of the particular provision involved. 18 Pa.C.S. § 105. The legislative pur-

pose in enacting 18 Pa.C.S. § 5123(a) was obviously to prevent the acquisition of contraband substances by persons confined in prisons and mental hospitals. Although this purpose would be served to some extent by prescribing punishment for persons who bring contraband substances into institutions with the intention of transferring them to prisoners or inmates, there would still be a risk, perhaps a substantial one, that substances brought into institutions without such an intent might still fall into the hands of such persons. We believe that, in recognition of this risk, and in response to the need to address the serious problems posed by infiltration of contraband substances into institutional settings, the legislature chose to employ comprehensive language that made the offense not dependent upon whether a person bringing contraband substances into such a setting did so with the intention of transferring them to the use of persons confined there. Such a conclusion is compelled by the plain import of the statutory language employed.

Concern has been expressed that this holding will have an unduly harsh effect upon persons who, with honorable intentions, make the mistake of bringing contraband substances into prison environments. An example would be a religious or medical visitor who is in possession of a *legal* drug, such as a prescribed medicine. In interpreting the statute, however, we are constrained to focus upon the plain language of the statute rather than upon the harshness of the policy that the legislature has found it necessary to enforce. Nevertheless, it should be noted that in an appropriate case the defense of a de minimis infraction might be asserted in an effort to obtain dismissal of the criminal charge. See 18 Pa.C.S. § 312(a)(1)–(3) (charge may be dismissed if the conduct was too insignificant to warrant conviction or "presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.").

Hence, in dismissing the present charge on the ground that there was no evidence that Williams entered the State

222

■■■■■■
■■■■■

Correctional Institution at Camp Hill with an intention to transfer marijuana prisoners confined there, the courts below erred. The order of the Superior Court affirming the dismissal of the charge must be reversed, and the case remanded to the trial court for further proceedings.

Order reversed, and case remanded.