J-S78013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT M. BOARDMAN | |
| Appellant | No. 380 MDA 2014 |

Appeal from the Judgment of Sentence January 14, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002109-2011

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED JANUARY 09, 2015**

Appellant, Robert M. Boardman, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his jury trial conviction for bringing contraband into a prison.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On March 19, 2011, Appellant went to the State Correctional Institution at Dallas ("SCI-Dallas") to visit his son, who is an inmate there.  Appellant's daughter and three grandchildren accompanied Appellant to the prison. Appellant was familiar with the security procedures for visitors; he had already visited his son in prison approximately twenty-six times.  Extensive signage at SCI-Dallas warned visitors that it is illegal to bring drugs or

---

[1] 18 Pa.C.S.A. § 5123(a).

weapons onto prison property. When Appellant arrived at the prison, he removed some change from his pockets and left it in the car. One of the grandchildren then excitedly ran out of the car into the parking lot. Appellant chased after the child to bring him back. Appellant then entered the prison. A security officer asked Appellant to pull out his pockets for scanning. When Appellant pulled out his pockets, the officer noticed Appellant make a fist with his left hand and put it behind his back. The officer asked Appellant what he was hiding. Appellant replied, "Excuse me, what?" The officer asked the question again, at which point Appellant dropped four methadone pills out of his left hand. At the time, Appellant had a methadone prescription stemming from his involvement in a railroad accident in 1986. He was taking nine pills daily.

The Commonwealth charged Appellant with one (1) count of bringing contraband into a prison. On March 26, 2012, Appellant filed a motion to dismiss the charge on the ground that the incident was a *de minimis* infraction. The trial court denied the motion on June 1, 2012. On October 21, 2013, a jury convicted Appellant of bringing contraband into a prison. On January 14, 2014, the court sentenced Appellant to a term of twenty-four (24) to forty-eight (48) months' incarceration.[2]

_____

[2] This sentence included a mandatory minimum of at least two years per 18 Pa.C.S.A. § 5123 (stating: "(a.1) Mandatory minimum penalty.—Any person convicted of a violation of subsection (a) shall be sentenced to a minimum
*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal on January 30, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). After the court granted an extension, Appellant timely complied.

Appellant raises a single issue for our review:

> WHETHER THE TRIAL COURT ERRED BY DENYING [APPELLANT'S] MOTION TO DISMISS AS A *DE* [*MINIMIS*] INFRACTION, THE CHARGE OF CONTROLLED SUBSTANCE CONTRABAND TO CONFINED PERSON?

(Appellant's Brief at 1).

In his sole issue, Appellant argues his actions did not cause or threaten the harm contemplated by 18 Pa.C.S.A. § 5123(a), which criminalizes the act of bringing contraband into a prison. Appellant asserts

*(Footnote Continued)* ―――――――――

sentence of at least two years of total confinement, notwithstanding any other provision of this title or any other statute to the contrary. Nothing in this subsection shall prevent the sentencing court from imposing a sentence greater than that provided in this subsection, up to the maximum penalty prescribed by this title for a felony of the second degree. There shall be no authority in any court to impose on an offender to which this subsection is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this subsection. If a sentencing court refuses to apply this subsection where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this subsection if it finds that the sentence was imposed in violation of this subsection"). Nothing in this sentence implicates the United States Supreme Court's recent decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

he was in possession of a drug legally prescribed to him when he entered SCI-Dallas. Appellant contends he simply forgot about the methadone pills in his pocket because he was in a hurry and his grandchild created a distraction. Appellant claims this explanation is bolstered by the fact that he was well aware he would be searched multiple times before seeing his son. Appellant concludes his offense was *de minimis*, and this Court should reverse his conviction. We disagree.

We review a trial court's ruling that a defendant's criminal conduct was not *de minimis* for an abuse of discretion. ***Commonwealth v. Olavage***, 894 A.2d 808 (2006), *appeal denied*, 589 Pa. 720, 907 A.2d 1102 (2006).

The Crimes Code governs *de minimis* infractions as follows:

**§ 312. De minimis infractions**

**(a) General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a)(1)-(3).

"The purpose of Section 312 is to remove petty infractions from the reach of the criminal law." *In re M.M.*, 855 A.2d 112, 114 (Pa.Super. 2004). "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." *Commonwealth v. Lutes*, 793 A.2d 949, 963 (Pa.Super. 2002).

Section 5123 of the Crimes Code provides in relevant part:

> **§ 5123. Contraband**
>
> **(a) Controlled substance contraband to confined persons prohibited.--**A person commits a felony of the second degree if he sells, gives, transmits or furnishes to any convict in a prison, or inmate in a mental hospital, or gives away in or brings into any prison, mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a mental hospital, or employee thereof, any controlled substance included in Schedules I through V of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, (except the ordinary hospital supply of the prison or mental hospital) without a written permit signed by the physician of such institution….

18 Pa.C.S.A. § 5123(a) (footnote omitted). The statute criminalizes the act of bringing controlled substances into a prison, regardless of whether the offender does so with the intent to transfer the substance to persons confined in the facility. *Commonwealth v. Williams*, 525 Pa. 216, 579 A.2d 869 (1990).

- 5 -

Instantly, Appellant was carrying four methadone pills in his pocket when he entered SCI-Dallas on the morning of March 19, 2011. Appellant had a prescription for the pills. When a prison security officer asked Appellant to empty his pockets, Appellant concealed the pills in a closed fist behind his back. The officer had to ask Appellant twice what he was hiding before Appellant revealed the drugs. Appellant's attempts to hide the pills reflected a consciousness of guilt. His ultimate failure to pass the pills to an inmate did not necessitate a finding that the infraction was *de minimis*. Appellant's reliance on **Williams, supra**, is misplaced. In **Williams**, the Supreme Court noted that the defense of a *de minimis* infraction "might" be asserted to dismiss a charge of bringing contraband into a prison, such as in the case of "a religious or medical visitor who is in possession of a **legal** drug." **Id.** at 221, 579 A.2d at 871 (emphasis in original). Nevertheless, the **Williams** Court's observation, which was not central to its holding, made no suggestion that a trial court **must** dismiss the charge under these circumstances. Here, the trial court was not obligated to accept Appellant's innocent explanation of his criminal conduct. Therefore, the court did not abuse its discretion when it declined to dismiss the charge against Appellant as a *de minimis* violation of 18 Pa.C.S.A. § 5123(a). **See Olavage, supra**; **Lutes, supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2015