J-S05027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JANET BUNDY | |
| Appellant | No. 989 MDA 2016 |

Appeal from the Judgment of Sentence April 21, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000997-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 28, 2017**

Appellant, Janet Bundy, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following her conviction of possession with intent to deliver and contraband. Appellant contends that the trial court erred by denying her request to instruct the jury on a lesser-included offense and by accepting the jury's seemingly contradictory verdict. We affirm.

On June 13, 2015, Appellant traveled to State Correctional Institution Rockview to visit an inmate. While Appellant was completing the Correctional Institution's check-in procedure, Corrections Officer Robert Bonsell ("Officer Bonsell") observed Appellant push a rolled-up napkin underneath a computer

---

[*] Retired Senior Judge assigned to Superior Court.

monitor on the reception desk. After completing registration, Appellant was subjected to a K-9 search. The K-9 officer alerted Officer Bonsell to the presence of narcotics on Appellant's person. Following notification, Officer Bonsell examined the paper napkin Appellant placed on his desk and discovered twelve packets apparently filled with marijuana. Once Pennsylvania State Police Corporal Leigh Barrows ("Corporal Barrows") arrived to begin an investigation, she searched Appellant and found eight pills on her person. Subsequent drug testing by the Pennsylvania State Police laboratory confirmed the packets contained marijuana, weighing a total of 5.9 grams, and revealed that four of the pills found on Appellant were Hydrocodone (an opioid pain medication) while the other four pills were Carisoprodol (a muscle relaxer that works by blocking pain sensations). Appellant admitted to possessing the Hydrocodone and Carisoprodol, alleging that the pills were prescribed for her personal use. However, Appellant denied ever possessing the marijuana.

By criminal complaint, Appellant was charged with three counts of Possession with Intent to Distribute,[1] one count of Contraband,[2] and one

---

[1] 35 P.S. § 780-113(a)(30). Appellant was charged for each controlled substance recovered, thus one count of possession with intent to distribute was attributable to the marijuana, one count attributable to the Hydrocodone, and one count attributable to the Carisoprodol.

[2] 18 Pa.C.S.A. § 5123(a).

count of Possession of a Small Amount of Marijuana to Distribute, Not Sell.[3]

The matter proceeded to a jury trial. Prior to the commencement of trial, Appellant's counsel requested that the trial court charge the jury on the lesser-included charge of Possession of a Small Amount of Marijuana. The court denied that request.

After the trial, the jury found Appellant guilty of Possession with Intent to Deliver, in respect to the marijuana, and Contraband.[4] Following the finding of guilt for Contraband on the verdict sheet, the jury was asked to provide a specific finding with regard to the Contraband charge. This finding was intended to identify which controlled substance the jury believed supported the Contraband conviction. Pursuant to the instructions preceding the specific finding, the jury found that none of the three controlled substances at issue supported the Contraband charge. Once the jury was excused, the trial court found Appellant guilty of Possession of a Small Amount of Marijuana to Distribute not Sell.

On April 21, 2016, Appellant was sentenced to an aggregate sentence of two to four years' imprisonment. Appellant filed post-sentence motions.

---

[3] 35 P.S. § 780-113(a)(31)(ii).

[4] The jury acquitted Appellant of Possession with Intent to Distribute, in respect to the Hydrocodone, and Possession with Intent to Distribute, in respect to the Carisoprodol.

And upon denial of Appellant's motions by the trial court, filed a timely appeal.

Appellant's first issue presents a challenge to the sufficiency of the evidence for her Contraband conviction. **See** Appellant's Brief, at 10-14. Specifically, Appellant points to the specific finding the jury made pursuant to Appellant's requested verdict sheet that suggested that none of the three controlled substances in question supported the Contraband verdict. **See id**. Based upon this interrogatory, Appellant submits that the jury found that the evidence produced by the Commonwealth was insufficient to support a critical element of the crime charged—that a controlled substance was involved. **See id**., at 12. Therefore, Appellant submits that her conviction for Contraband is at odds with the jury's specific finding and the court should have set aside the verdict. **See id**. We disagree.

When examining the sufficiency of the evidence

[t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally,

the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Houck*, 102 A.3d 443, 448 (Pa. Super. 2014) (citations omitted).

Further, we have previously stated that

[c]onsistency in verdicts in criminal case is not necessary. This Court has stated, [w]hen an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict.

*Commonwealth v. Swann*, 635 A.2d 1103, 1104 (Pa. Super. 1994) (internal citations and quotations omitted). However, inconsistency in verdicts is not permissible in cases where a defendant is convicted of a crime that has, as a specific statutory element, another crime that the jury simultaneously acquits the defendant of. *See Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005).

Thus, the core of this issue on appeal theoretically hinges on whether Appellant's assertion is correct: that the jury's response to the interrogatory actually contradicts an element of the Contraband conviction. However, we do not reach this analysis as our review of the record reveals that the interrogatory in question—drafted by Appellant's counsel—was superfluous, confusing, and a blatant mischaracterization the law.

The record reflects that, following a charging conference, the trial court, Commonwealth, and Appellant's counsel agreed that the law the trial court planned to provide to the jury in relation to the Contraband charge was accurate. *See* N.T., 3/18/16, at 210.[5] However, due to the fact that the Commonwealth presented evidence of three controlled substances during the trial, Appellant's counsel requested an interrogatory to discern the substance the jury found supported the Contraband charge. The trial court and Commonwealth agreed to the use of this interrogatory, and the trial court ultimately used the verdict sheet with the interrogatory prepared by Appellant's counsel, which read in relevant part:

> If your verdict is "guilty" as to the count of Contraband, please answer this question: did Ms. Bundy sell, give, transmit or furnish to any convict in the State Correctional Institution at Rockview, or give away in or bring into or put in any place where it may be secured by a convict:

Verdict Sheet, 3/18/16, at 2. Following this interrogatory, each of the controlled substances at issue, marijuana, Hydrocodone, and Carisoprodol, were listed followed by "Yes" and "No."

During jury instructions, the trial court provided the jury with the previously agreed upon law regarding the Contraband charge:

---

[5] We are cognizant of the fact that Appellant's counsel was denied his request for the "*mens rea*" charge to be read in conjunction with the Contraband charge. *See* N.T., at 207. However, Appellant's counsel agreed that Contraband instruction itself was accurate. *See id.*, at 210.

Defendant has been charged with providing contraband. To find the defendant guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt. First, that the defendant brought into prison a controlled substance so classified under Pennsylvania law. I again instruct you that marijuana, Hydrocodone, and Carisoprodol are controlled substances. And second, that defendant did so without written permit signed by the physician of the prison.

N.T., 3/18/16, at 256-57.

Following deliberations, the jury returned to the courtroom and informed the trial court that they found Appellant guilty of Possession with Intent to Distribute, in relation to the marijuana, and guilty of the count of Contraband. However, in relation to the specific finding for Contraband, the jury foreperson indicated that the jury checked "No" in relation to all three of the specific substances underlying the Contraband charge "because it said did she sell, give, or transmit to any convict." *Id.*, at 270.

First, we note that we are confused as to the exact reason why the trial court and Commonwealth agreed to include Appellant's interrogatory on the verdict sheet. There is no requirement for the charge of Contraband that the jury make an additional finding for grading purposes or otherwise. *See* 18 Pa.C.S.A. § 5123(a). Thus, the addition of this interrogatory was superfluous; it served only to cloud the issue. Additionally, our review of the interrogatory as compared to the statutory language reveals that Appellant's interrogatory misstates the relevant law.

The Crimes Code defines the offense of Contraband as follows:

- 7 -

> (a) **Controlled substance contraband to confined persons prohibited.--** A person commits a felony of the second degree if he sells, gives, transmits or furnishes to any convict in a prison, or inmate in a mental hospital, or gives away in or bring into any prison, mental hospital, or any building appurtenant thereto, or on the land granted to or owned or leased by the Commonwealth or county for the use and benefit of the prisoners or inmates, or puts in any place where it may be secured by a convict of a prison, inmate of a mental hospital, or employee thereof, any controlled substance included in Schedules I through V of the . . . Controlled Substance, Drug, Device and Cosmetic Act . . . without a written permit by the physician of such institution, specifying the quantity and quality of the substance which may be furnished to any convict, inmate, or employee in the prison or mental hospital, the name of the prisoner, inmate or employee for whom, and the time when the same may be furnished, which permit shall be delivered to and kept by the warden or superintendent of the prison or mental hospital.

18 Pa.C.S.A. § 5123(a).

The interrogatory provided by Appellant neglects to include the critical language of "any prison, mental hospital, or building appurtenant thereto" following the phrase "brings into." Instead, Appellant's counsel attempts to muddy the waters by following the phrase "brings into" with "or put in any place where it may be secured by a convict." This language selection appears to make it necessary for a defendant to bring a controlled substance into a place where it may be secured by a convict. As the law has previously been found to only require a defendant to bring a controlled substance into a prison, Appellant's counsel's paraphrasing clearly misstates the law, and we admonish counsel for doing so. *See Commonwealth v. Williams*, 579 A.2d 869, 871 (finding that 18 P.S. 18 Pa.C.S.A. § 5123(a) only requires a

defendant to bring a controlled substance into one of the enumerated facilities to constitute commission of a crime). The trial court should never have accepted Appellant's interrogatory.

We reject Appellant's attempt to profit from her attempt to mislead the jury. Thus, we find that the jury's answers to the interrogatory on the verdict sheet amounted to nothing more than a legal nullity. The Commonwealth provided the jury with ample evidence that Appellant brought contraband into the prison. Accordingly, we affirm Appellant's conviction for Contraband.

Next, Appellant alleges that the trial court erred in denying her request for a jury charge on the lesser-included offense of possession of a small amount of marijuana for personal use.[6] *See* Appellant's Brief, at 15.

---

[6] We note that Appellant's counsel appears to misapprehend the statutory section that his client was charged with, and ultimately convicted of, violating. Both the criminal complaint and the trial court's verdict sheet in this matter *clearly* indicate that Count 5 of the criminal complaint charged Appellant with "the possession of a small amount of mari[j]uana with the intent to distribute it but not sell it." 35 P.S. § 780-113(a)(31)(ii). However, the section of the statute that Appellant's counsel appears to request a jury instruction for, and argues in her brief that the trial court erred by failing to give, penalizes "the possession of a small amount of mari[j]uana only for personal use." 35 P.S. § 780-113(a)(31)(i). As Appellant has preserved her argument that possession of a small amount of marijuana for personal use is a lesser-included offense of possession with intent to distribute, 35 P.S. § 780-113(a)(30), that should have been presented to the jury, we will address this claim. However, to the extent that Appellant desired to challenge the trial court's failure to charge the jury on what she was actually charged with in Count 5, possession of a small amount of marijuana to distribute, not sell, we find that Appellant has waived this argument for purposes of our review by failing to develop this claim on appeal. *See* *(Footnote Continued Next Page)*

Appellant argues that counsel timely requested this instruction; the offense is a lesser-included offense of the possession with intent to distribute charge that was given to the jury; and that the evidence produced by the Commonwealth would support such a verdict. ***See id***. Therefore, Appellant contends that the trial court's refusal to charge the jury on possession of a small amount of marijuana for personal use constituted reversible error. ***See id***.

Our standard of review when considering a challenged jury instruction is as follows:

> In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa. Super 2008) (citation omitted).

*(Footnote Continued)* ————————————————

***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding appellant waived issue on appeal where he failed to develop claim with relevant citations to case law and record).

The trial court is required to instruct the jury as to the applicable law of the case. *See Commonwealth v. Daniels*, 963 A.2d 409, 430 (Pa. 2009). If a defendant requests a charge for a lesser-included offense, the trial court must charge on that offense "if there is some disputed evidence concerning an element of the greater charge or if the undisputed evidence is capable of more than one rational inference." *Commonwealth v. Hawkins*, 614 A.2d 1198, 1201 (Pa. Super. 1992) (*en banc*) (citation omitted). The court does not err, however, in refusing "to instruct the jury on the lesser-included offense unless the evidence could support a conviction on the lesser offense. There is no duty on a trial judge to charge upon law which has no applicability to presented facts." *Commonwealth v. Wilds*, 362 A.2d 273, 278 (Pa. Super. 1976) (internal quotation marks omitted).

The evidence presented at trial established that Officer Bonsell observed Appellant hide a napkin under his computer monitor while completing the check-in procedure at the prison. Once alerted by the K-9 officer to the presence of narcotics on Appellant's person, Officer Bonsell recovered the napkin and discovered it contained marijuana. The marijuana was divided almost equally among twelve separate latex balloons. Corporal Barrows testified that the fact that the marijuana was divided into equal portions in latex balloons heavily suggested that Appellant's intent was to distribute the marijuana.

Additionally, Appellant's requested jury instruction for the lesser-included offense of possession of a small amount of marijuana for personal

use ran completely counter to her defense strategy. While Appellant admitted to possession of the Hydrocodone and Carisprodol tablets, she unequivocally denied ever possessing the marijuana.

We recognize that the crime of possession of a small amount of marijuana, is a lesser-included offense of possession with intent to deliver marijuana. *See Commonwealth v. DeLong*, 879 A.2d 234, 237 n.2 (Pa. Super. 2005). However, based upon the evidence adduced at trial, we find that the trial court correctly refused to provide the charge to the jury for the offense of possession of a small amount of marijuana. Due to her defense strategy of completely denying ownership of the marijuana, Appellant did not present any evidence to demonstrate that she possessed the marijuana for personal use.

The only evidence presented in relation to the marijuana, *i.e.*, the individual packaging, the amount of packages, and the type of packaging, demonstrated that the marijuana was possessed with the intent to deliver. *See*, *e.g.*, *Commonwealth v. Carpenter*, 955 A.2d 411, 415 (Pa. Super. 2008) (finding that "[e]ven where the quantity of the drug could possibly be consistent with personal use, the presence of the drug paraphernalia in [appellant's] home, such as scales and packaging materials, unequivocally establish more than just personal use."); *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-38 (Pa. 2007) (finding that appellant possessed crack cocaine with intent to deliver where he possessed a large quantity of unused plastic bags, and an expert testified that the circumstances surrounding the

appellant's possession of the crack cocaine, including the amount and the form of the drug, established that he intended to distribute the crack cocaine). Thus, the trial court correctly found that the evidence is not capable of more than one rational inference and properly refused to instruct the jury on the possession of a small amount of marijuana offense. *See Hawkins*, 614 A.2d at 1201. Accordingly, Appellant's second claim is without merit.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2017