J-A29044-21

2021 PA Super 235

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ANTHONY HOWELL | : | |
| | : | |
| Appellant | : | No. 531 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 22, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002491-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.: **FILED: December 6, 2021**

Michael Anthony Howell (Howell) appeals from the judgment of sentenced imposed in the Court of Common Pleas of Fayette County after his jury conviction for delivery of contraband to a convict in a prison and possession of a controlled substance.[1] He challenges the constitutionality of his mandatory minimum sentence of not less than two years as grossly disproportionate to the crime. We affirm.

The factual background and procedural history of this case, which we take from our independent review of the record and the trial court's May 24, 2021 opinion, are not in dispute.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a) and 35 P.S. § 780-113(a)(16).

## I.

On August 23, 2019, Howell visited his brother, Tyler Evans, an inmate at SCI Fayette. Security Officer Jeremy Quattro was monitoring the visiting area cameras from the prison security office. He observed Howell remove something from his pocket and pass what was suspected to be contraband to inmate Evans, who placed the item underneath his left leg. Howell stood up and walked away from the table. Officer Quattro immediately left the office and told inmate Evans to go with Officer McShane, who escorted him out of the visiting area. Officer Quattro recovered the contraband and identified it as Suboxone, a Schedule III substance. Security officers contacted the Pennsylvania State Police (PSP), escorted Howell out of the prison and PSP Trooper Bamberg took Howell into custody. (*See* N.T. Trial, 4/05/21, at 9, 15, 21, 23, 24).

Howell was charged with delivery of contraband and possession of a controlled substance. A jury convicted him of the charges and on April 22, 2021, the trial court sentenced him to a mandatory sentence of not less than two nor more than four years' incarceration, plus fines and costs, with his eligibility for the Recidivism Risk Reduction Incentive (RRRI) program to be determined by the Department of Corrections or the State Parole Board. The trial court did not order Howell to file a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925.

**II.**

Howell raises one issue for our review: "whether the mandatory minimum sentence set forth in 19 Pa.C.S.A § 5123(a.1) is unconstitutional pursuant to Article 1, § 13 of the Pennsylvania Constitution[.]"[2, 3] (Howell's Brief, at 7). He argues that the mandatory sentence of Section 5123(a.1) is grossly disproportionate to the crime because the Sentencing Guidelines would have permitted a much lesser sentence where he had no prior record, no gang involvement, there was only a small amount of a controlled substance delivered, and no violence was involved. (**See** Howell's Brief, at 13). He claims that the statute is "arbitrary" because it fails to acknowledge "the character of the defendant or the particular circumstances of the offense in light of the sentencing guidelines." (**Id.** at 14).

The Commonwealth responds that the legislative intent of the statute was to address concerns about the "systemic and rampant presence of drugs in State and local correctional facilities" and that Howell's delivery of a controlled substance to his brother in prison was exactly the type of conduct

_____

[2] Article I, Section 13 of the Pennsylvania Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."

[3] Because an issue challenging the constitutionality of a statute presents a purely legal question, our standard of review is _de novo_ and our scope of review is plenary. **See Commonwealth v. Brensinger**, 218 A.3d 440, 456 (Pa. Super. 2019).

the statute seeks to penalize. It maintains that Howell has failed to establish that the punishment is grossly disproportionate to the crime or that it is "arbitrary" based on his character. (**See id.** at 6-8).

**A.**

It is well-settled that "[a] statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion." **Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa. Super. 2004) (citations omitted). "All doubts are to be resolved in favor of sustaining the constitutionality of the legislation. [N]othing but a clear violation of the Constitution—a clear usurpation of power prohibited—will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void." **Commonwealth v. Elia**, 83 A.3d 254, 266 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (citations omitted).

"[T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." **Commonwealth v. Spells**, 612 A.2d 458, 461 (Pa. Super. 1992). "The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are **grossly**

**disproportionate** to the crime." ***Commonwealth v. Lankford***, 164 A.3d

1250, 1252 (Pa. Super. 2017), *appeal denied*, 172 A.3d 1114 (Pa. 2017)

(citation omitted; emphasis in original).

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

***Spells***, ***supra*** at 462 (citing ***Solem v. Helm***, 463 U.S. 277, 292 (1983)).

"[T]his Court is not obligated to reach the second and third prongs of the

***Spells*** test unless a threshold comparison of the crime committed and the

sentence imposed leads to an inference of gross disproportionality."

***Lankford***, ***supra*** at 1252 (citing ***Spells***, ***supra*** at 463).

We must then first determine whether Howell has created an inference

of gross proportionality between the two-year mandatory minimum sentence

proscribed by 18 Pa.C.S. § 5123(a.1) and the crime of bringing drugs into a

prison.

**B.**

Section 5123 of the Crimes Code provides, in pertinent part, that:

> **(a) Controlled substance contraband to confined persons prohibited.**—A person commits a misdemeanor of the first degree if he … brings into any prison … or puts in any place where it may be secured by a convict of a prison … any kind of … drug, medicine, poison, opium, morphine, or other kind of narcotics, (except the ordinary hospital supply of the prison or mental hospital) without a written permit signed by the physician of such institution....

- 5 -

**(a.1) Mandatory minimum penalty.**—Any person convicted of a violation of subsection (a) shall be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title or any other statute to the contrary. Nothing in this subsection shall prevent the sentencing court from imposing a sentence greater than that provided in this subsection, up to the maximum penalty prescribed by this title for a felony of the second degree. There shall be no authority in any court to impose on an offender to which this subsection is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this subsection. If a sentencing court refuses to apply this subsection where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this subsection if it finds that the sentence was imposed in violation of this subsection.

18 Pa.C.S. § 5123(a), (a.1).

"The legislative purpose in enacting 18 Pa.C.S. § 5123(a) was obviously to prevent the acquisition of contraband substances by persons confined in prisons and mental hospitals." *Commonwealth v. Williams*, 579 A.2d 869, 871 (Pa. 1990). "In interpreting [section 5123] … we are constrained to focus upon the plain language of the statute rather than upon the harshness of the policy that the legislature has found it necessary to enforce." *Id.* (Rejecting argument that Section 5123(a.1) should not be applied to defendant because he brought only small amount of marijuana into prison for his own use, with no intent to distribute it).

Howell maintains that Section 5123(a.1) is unduly harsh under the circumstances of his case, but he fails to establish that the mandatory

minimum is either arbitrary as he claims or grossly disproportionate to the crime. First, we are not persuaded by his argument that the mandatory minimum of Section 5123(a.1) is grossly disproportionate or "arbitrary" because the Sentencing Guidelines would have permitted a lesser sentence. The plain language of Section 5321(a.1) shows that the Pennsylvania General Assembly was aware of the comparative sentences that the Sentencing Guidelines might permit and expressly rejected their application. *See* 18 Pa.C.S. § 5123(a.1) ("Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this subsection.").

Moreover, we cannot find that Howell has met his heavy burden of demonstrating that the General Assembly's inclusion of a mandatory minimum sentence of two years for bringing contraband into a prison suggests "a clear usurpation of power prohibited" that would justify "pronouncing an act of the legislative department unconstitutional and void." *Elia*, *supra* at 266 (citations omitted). The legislative purpose of Section 5123 is to address the problem of drugs in the prisons. *See Williams*, *supra* at 871. The legislative history reveals that prior to 1995, the statute did not include a mandatory minimum sentence, but that the General Assembly amended Section 5123 for the express purpose "of including a mandatory minimum sentence in response to the need to address the serious problems posed by infiltration of contraband

substances into institutional settings[.]"[4] *Id.*; (*See also* Commonwealth's Brief, at 5-6 (citing Commonwealth of Pennsylvania Legislative Journal, First Special Session 1995, No. 12 at 132));[5] 1995 Pa. Legis. Serv. Sp. Sess. No. 1 Act 1995-18 (H.B. 24) (SS1) ("Act 18").

The Pennsylvania General Assembly's measured inclusion of a mandatory two-year minimum sentence to address the genuine problem of drugs being brought into prisons is not grossly disproportionate to the crime. The gross disproportionality sufficient to strike down a statute as unconstitutional has only been found in extreme cases such as *Solem*, where the United States Supreme Court struck down a sentence as grossly disproportionate because it was tantamount to life without the possibility of parole for a recidivist defendant who committed the non-violent offense of passing a $100 bad check. *See Solem*, *supra* at 303.

This life sentence is far from a two-year mandatory sentence with the possibility of parole. In fact, much longer mandatory minimum sentences with the purpose of combating recidivism have been upheld by the United States

---

[4] Act 18 also added subsections prohibiting possession of contraband by an inmate and allowing the use of drug-sniffing dogs. *See* 18 Pa.C.S. § 5123(a.2), (d).

[5] "[C]ourts have routinely taken judicial notice of legislative journals as well as various versions of bills ultimately enacted into law." *Pennsylvania Sch. Boards Ass'n, Inc. v. Commonwealth Ass'n of Sch. Adm'rs, Teamsters Local 502*, 805 A.2d 476, 484 (Pa. 2002) (citation omitted).

Supreme Court as constitutional, even where the triggering conviction was a non-violent offense. For example, in **Ewing v. California**, 538 U.S. 11 (2003), it upheld a felony grand theft mandatory minimum sentence of 25 years to life pursuant to the state's three strike's law for the theft of three golf clubs from a retail business. **See Ewing**, **supra** at 30-31. In **Rummel v. Estelle**, 445 U.S. 263 (1980), the Supreme Court held that it was not cruel and unusual punishment for a state to sentence a three-time offender to a mandatory term of life in prison with the possibility of parole where his two prior offenses were fraudulent use of a credit card to obtain $80 worth of goods or services and passing a forged check in the amount of $28.36, and his triggering third offense was a conviction for obtaining $120.75 by false pretenses. **See Rummel**, **supra** at 265, 284-85.

Following the United States Supreme Court's reticence to tread on the role of Congress unless a clear overstep is established, mandatory minimums have been similarly upheld in this Commonwealth. **See, e.g.**, **Commonwealth v. Baker**, 78 A.3d 1044, 1052 (Pa. 2013) (25-year mandatory minimum sentence for possession of child pornography not grossly disproportionate); **Commonwealth v. Barnett**, 50 A.3d 176, 202-03 (Pa. Super. 2012) (mandatory minimum sentence of 25 to 50 years for recidivist robbery is not grossly disproportionate to crime); **Elia**, **supra** at 269-70 (rejecting argument that ten-year mandatory minimum sentence for IDSI with a minor was grossly disproportionate under circumstances of case).

Based on the foregoing and the heavy burden an appellant bears when seeking to have this Court overturn the General Assembly, Howell has failed to meet the heavy burden of raising an inference that the mandatory minimum two-year sentence of Section 5123(a.1) clearly violates the Constitution as grossly disproportionate to his crime.[6] *See Elia*, *supra* at 266; *Howe*, *supra* at 441. His issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2021

---

[6] Having found that the mandatory minimum sentence is not grossly disproportionate to the statute's purpose, we need not consider the second two prongs of the *Spells* test. *See Lankford*, *supra* at 1252.