J-A15016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WATTS, JR. | : | |
| | : | |
| Appellant | : | No. 34 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 14, 2020,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0008206-2019.

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: July 26, 2022**

Christopher Watts, Jr. appeals the judgment of sentence entered following his guilty plea to robbery and other offenses that he committed when he was 16 years old.  He challenges the constitutionality of Act 1995–33 (Act 33),[1] which amended the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6375.  Based on controlling precedent, we affirm.

On July 15, 2019, Watts and another person stole a victim's car, wallet, and cell phone at gunpoint.  The next day, police charged Watts in connection with the incident.  Because the charges included robbery, robbery of a motor vehicle, and conspiracy,[2] because the offense involved a deadly weapon, and because Watts had previously been adjudicated delinquent of robbery, Watts'

_____

[1] Act of November 17, 1995, P.L. 1127, No. 33 (Spec. Sess. No. 1).

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3702(a), and 903(a)(1).

case was filed in criminal court. Watts' case was held for court following a preliminary hearing on July 26, 2019.

On August 13, 2019, Watts moved to transfer his case from criminal court to juvenile court, arguing, *inter alia*, that Act 33 was unconstitutional. The decertification court heard the matter on December 6, 2019 and denied the transfer on January 17, 2020.

On June 10, 2020, Watts openly pled guilty to the charges against him. On September 14, 2020, the trial court sentenced him to an aggregate term of 40 to 80 months of incarceration. Watts filed a post-sentence motion on September 21, 2020, which the trial court denied on January 4, 2021.

Watts filed this direct appeal on January 6, 2021. He complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court entered its Rule 1925(a) opinion on September 28, 2021.

Watts presents one issue on appeal: "Whether the decertification court erred in concluding that Act 33 is not unconstitutional?" Watts' Brief at 5.

A challenge to the constitutionality of a statute presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Howell**, 266 A.3d 690, 692 n.3 (Pa. Super. 2021) (citation omitted).

Act 33 affects the filing and transfer of cases against juvenile defendants. By statute, certain cases are "direct filed" in criminal court. There, a defendant may move to "decertify" his or her case to juvenile court.

This process of "decertification" from criminal court to juvenile court was for decades only applicable to murder cases; however, the 1995 amendments to the Act now provide that any juvenile over the age of fifteen who has committed one of several enumerated crimes, and utilized a deadly weapon during that commission, [or who was previously adjudicated delinquent of an enumerated offense,] is to be tried in criminal court unless he can establish by a preponderance of the evidence that a transfer to juvenile court would serve the public interest. 42 Pa.C.S.A. §§ 6302; 6322. This rebuttable presumption of treatment as an adult now extends to a variety of crimes, including rape, involuntary deviate sexual intercourse, aggravated assault, robbery, kidnapping, voluntary manslaughter and conspiracy to commit any of these crimes.

*Commonwealth v. Aziz*, 724 A.2d 371, 373 (Pa. Super. 1999), *appeal denied*, 759 A.2d 919 (Pa. 2000).

Watts challenges (1) Act 33's expansion of the class of cases that are directly filed in criminal court and (2) the burden of proof being on the juvenile defendant who seeks decertification. Watts' Brief at 18–68. He argues that these aspects of Act 33 violate the due process and equal protection provisions of the Constitutions of the United States and Pennsylvania.

Our courts have considered these claims before. We held that placing the burden of proof on a juvenile seeking decertification does not violate due process. *Commonwealth v. Cotto*, 708 A.2d 806, 813–15 (Pa. Super. 1998) (*Cotto I*) (citing *Commonwealth v. Pyle*, 342 A.2d 101 (Pa. 1975)[3]). We

_____

[3] Even before Act 33, cases in which juveniles were accused of murder were directly filed in criminal court. Our Supreme Court endorsed placing the decertification burden on these juvenile defendants. *Commonwealth v. Pyle*, 342 A.2d 101, 106–07 (Pa. 1975). Likewise, the High Court held that requiring murder cases to be directly filed in criminal court does not violate equal protection or due process. *Commonwealth v. Wade*, 402 A.2d 1360, 1365 (Pa. 1979), *statute amended*, 42 Pa.C.S.A. § 6322.

then held that Act 33's expansion of the class of cases that are directly filed in criminal court was rationally related to its objectives. ***Aziz***, 724 A.2d at 373–74 (citing ***Commonwealth v. Wade***, 402 A.2d 1360 (Pa. 1979)). Finally, our Supreme Court affirmed that the burden of proof for decertification being on the juvenile does not violate the United States or Pennsylvania Constitutions. ***Commonwealth v. Cotto***, 753 A.2d 217, 223–24 (Pa. 2000) (***Cotto II***).

Watts acknowledges that his constitutional arguments match those in ***Cotto II*** and ***Aziz*** yet urges us to reject these decades-old precedents. Watts' Brief at 38–40. He encourages us to continue the momentum of intervening Supreme Court cases involving juveniles, recognizing how juveniles are situated differently from adults. ***Id.*** at 30–34. Watts quotes several cases from our Supreme Court addressing the limits of *stare decisis*, concluding that the time is right to revisit and overrule ***Cotto II*** and ***Aziz***.

However, the holdings of ***Cotto II*** and ***Aziz*** bind this Court here. First, we cannot overrule a previous decision from another panel of the Superior Court. ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013) (citing ***Commonwealth v. Taylor***, 649 A.2d 453, 455 (Pa. Super. 1994)). "Under the doctrine of *stare decisis*, a 'three-judge panel of this Court cannot overrule another.'" ***Commonwealth v. Burke***, 261 A.3d 548, 551 (Pa. Super. 2021). Furthermore, we cannot overrule a decision of the Supreme Court of Pennsylvania. ***Hillbrook Apartments, Inc. v. Nyce Crete Co.***, 352 A.2d 148, 152 (Pa. Super. 1975); ***Crowell Office Equip. v. Krug***, 247 A.2d 657,

- 4 -

658 (Pa. Super. 1968). The courts in **Cotto II** and **Aziz** considered and resolved the issues that Watts now raises. Any changes to the current law must be addressed by our General Assembly; alternatively, our Supreme Court may revisit the constitutionality of Act 33.[4] We, however, are bound by precedent, and Watts' sole appellate issue affords him no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/26/2022

---

[4] Additionally, an *en banc* panel of this Court may reconsider a prior decision of this Court, such as **Aziz**, but may not overrule a holding from the Supreme Court, such as **Cotto II**. **See Commonwealth v. Snyder**, 761 A.2d 584, 590 (Pa. Super. 2000) (*en banc*).