J-S30024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JULIUS FRANCIOS RAWLS | : | |
| Appellant | : | No. 1503 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 26, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004033-2022

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.:                          **FILED SEPTEMBER 8, 2025**

Julius Francois Rawls (Appellant) appeals from the judgment of sentence entered following his open guilty plea to 136 counts of criminal use of a communication facility; 44 counts of manufacture, delivery, or possession with intent to deliver or manufacture controlled substances (cocaine) (PWID); two counts each of criminal conspiracy and persons not to possess a firearm; and one count of corrupt organizations.[1]  Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 7512(a); 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903, 6105(a)(1), 911(b)(1).

On September 16, 2021, following an extensive investigation of Appellant's drug activity, which included the use of wiretaps and seven controlled purchases of cocaine, the City of Chester Police Department filed a criminal complaint against Appellant. The complaint charged Appellant with one count each of possession of a controlled substance, PWID, corrupt organizations, persons not to possess firearms, and criminal use of a communication facility; and two counts of criminal conspiracy. On September 25, 2023, the Commonwealth filed an amended criminal information, which charged Appellant as follows:

> Counts 1-44 – manufacture, delivery, or possession with intent to manufacture or deliver controlled substances;
>
> Count 45 – conspiracy to manufacture, deliver, or possession with intent to manufacture or deliver controlled substances;
>
> Count 46 – corrupt organizations;
>
> Counts 47 – conspiracy to commit corrupt organizations;
>
> Counts 48-50 – persons not to possess firearms; and
>
> Counts 51-187 – criminal use of a communications facility.

*See* Trial Court Opinion, 9/27/24, at 3.

On October 2, 2023, Appellant's scheduled trial date, Appellant entered an open guilty plea to all charges listed on the amended information, except Count 50 (persons not to possess firearms). On January 26, 2024, following the preparation of a pre-sentence investigation report (PSI) and a hearing, the trial court sentenced Appellant as follows:

COUNTS 1-44: 7-14 years in prison (all concurrent to one another);

COUNT 45: 5-10 years in prison (concurrent with Counts 1-44);

COUNT 46: 3.5-7 years in prison (concurrent with Count 45);

COUNT 47: 2-4 years in prison (concurrent with Count 46);

COUNT 48: 7-14 years (consecutive to Counts 1-44);

COUNT 49: 7-14 years in prison (consecutive to Count 48); and

Counts 51-187: 1-2 years in prison (concurrent with Counts 48-49).

*See id.* at 4. Thus, the trial court imposed an aggregate prison term of 21-42 years.

Appellant timely filed a motion to reconsider sentence. The trial court conducted a hearing on the motion on May 13, 2024. On May 15, 2024, the trial court denied Appellant's motion for reconsideration. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

[1.] Whether an aggregate sentence of 21 to 42 years[,] within the sentencing guidelines for [Appellant,] is a manifestly unreasonable decision by the trial court because the sentence is excessive given [Appellant's] history and effectively [constituted] a *de facto* life sentence for a 44-year-old man in a non-capital case?

[2.] Whether an aggregate sentence of 21 to 42 years[,] within the sentencing guidelines, [which is] effectively a *de facto* life sentence for a 44-year-old man in a non-capital case, violates the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution, forbidding cruel and unusual punishment?

- 3 -

Appellant's Brief at 4.

Appellant's first issue challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See* 42 Pa.C.S.A. § 9781(b).[2] Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Commonwealth v. Schroat*, 272 A.3d 523, 526-27 (Pa. Super. 2022).

Instantly, Appellant timely filed his notice of appeal and properly preserved his sentencing issue in his post-sentence motion. Appellant's brief includes the required statement of reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Therefore, we next consider whether

---

[2] Section 9781(b) provides that

> [t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b).

Appellant has presented a substantial question that the sentence is not appropriate under the Sentencing Code or violates sentencing norms. ***See id.***

Generally, to raise a substantial question, an appellant must advance "a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Schroat***, 272 A.3d at 527.

In his Rule 2119(f) statement, Appellant argues his aggregate sentence is excessive and unreasonable, and fails to comport "with the protection of the public, gravity of the offense, and his rehabilitative needs." Appellant's Brief at 12. Appellant asserts,

> [t]he [sentencing] court did not properly consider the rehabilitative needs of [Appellant] by concluding that past efforts to rehabilitate [Appellant] failed, when no such evidence was presented at the [s]entencing [h]earing. The court focused solely on the seriousness of the offense[s].

***Id.*** Appellant further asserts the trial court abused its sentencing discretion by imposing the 7- to 14-year prison term at Count 48 consecutive to his 7- to 14-year sentences imposed at Counts 1-44. ***Id.*** Appellant claims this resulted in a *de facto* life sentence "for a 44-year-old man in a non-capital case." ***Id.***

Appellant points out that he completed only one drug and alcohol treatment program, and there is no evidence he received mental health

treatment. *Id.* Appellant further complains that he was prosecuted as an adult, at age 17 years old, without any decertification hearing. *Id.* at 12-13.

We conclude Appellant's claim of an excessive sentence, based on the trial court's failure to consider his rehabilitative needs and mitigating circumstances, raises a substantial question. *See Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question"); *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that a claim of an unduly excessive sentence, together with a claim that the court failed to consider the defendant's rehabilitative needs and mitigating factors, presents a substantial question).

Appellant argues that the trial court abused its discretion by imposing an aggregate prison term of 21-42 years for non-capital offenses. Appellant's Brief at 21. According to Appellant, the trial court improperly

> focused solely on the seriousness of [Appellant's] offenses, to the complete exclusion of his personal history, character, and treatment and rehabilitative needs. As this violated Section 9721(b) of the Sentencing Code, the trial court abused its sentencing discretion.

*Id.* Appellant points out that no evidence was presented regarding past restorative or rehabilitative efforts by Appellant. *Id.* Appellant directs our attention to statements made during the sentencing hearing that at the time Appellant could have been learning a trade, he was in state custody. *Id.*

Appellant further points to testimony that as soon as any of Appellant's employers found out about Appellant's criminal history, Appellant would be fired. *Id.*

Appellant acknowledges that the trial court had the benefit of a PSI, which indicated that Appellant completed his high school education while in state custody. *Id.* at 22. Appellant argues that the trial court improperly focused solely on the serious nature of the offenses when imposing its sentences. *Id.* at 23. Appellant repeatedly emphasizes he was never provided with mental health treatment while in state custody. *Id.* Appellant further claims the trial court abused its discretion by not considering mitigating evidence when fashioning its sentence. *Id.* at 24.

> We consider Appellant's sentencing challenge mindful of the following:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Summers*, 245 A.3d 686, 692-93 (Pa. Super. 2021).

Finally, we review sentences with regard for:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) the opportunity of the sentencing court to observe the defendant, including any [PSI;] (3) the findings upon which the sentence was based[;] and (4) the guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Our review of the record discloses that at the sentencing hearing, the trial court summarized the PSI on the record. N.T., 1/26/24, at 4-12. In doing so, the trial court recognized that Appellant's lengthy criminal history included four juvenile adjudications and nine adult convictions. *Id.* at 4. The trial court also observed that Appellant's criminal history began when Appellant was thirteen years old. *Id.* The trial court noted that Appellant had been granted five paroles, one of which was revoked. *Id.* The trial court stated, on the record, each of Appellant's prior criminal convictions. *Id.* at 5-7. The trial court found that Appellant "is not eligible … for the State Drug Treatment Program, short sentence parole program, the Recidivism Reduction Act program, or motivational bootcamp." *Id.* at 12. The trial court finally reviewed the sentencing guidelines for each offense. *Id.* at 12-13.

At the hearing, the Commonwealth stated that the police investigation originally focused on Appellant's stepbrother. *Id.* at 14. However, officers subsequently identified Appellant as the supply source for the narcotics being distributed. *Id.* The Commonwealth represented that Appellant participated in a narcotics criminal enterprise for the sale and distribution of cocaine. *Id.* at 15-17. The Commonwealth emphasized that the narcotics enterprise did

not involve merely an isolated incident, but that Appellant engaged in bulk cocaine purchases and distribution. *Id.* at 18.

The Commonwealth further pointed out that Appellant kept two firearms in his bedroom, with one firearm placed under his bed. *Id.* at 21. The Commonwealth further presented evidence that Appellant utilized multiple vehicles to facilitate his narcotics transactions. *Id.* at 22. According to the Commonwealth, Appellant "had all of the support and foundation necessary in order to lead a productive life," but nevertheless chose to traffic narcotics. *Id.*

At the hearing, Appellant's counsel asserted that Appellant had accepted responsibility, and was forthcoming during the presentence investigation. *Id.* at 28-29. Appellant's counsel acknowledged that although Appellant's prior convictions resulted in shorter sentences, he was not afforded rehabilitative services. *Id.* at 31. Counsel acknowledged that Appellant had employment, but was not making a "livable wage." *Id.* Counsel emphasized Appellant was not getting rich from his drug transactions, and that the individuals involved in the enterprise still lived "in poverty." *Id.* at 32.

Appellant presented the testimony of Danielle Jones (Ms. Jones), the "second mother to [Appellant's] daughter." *Id.* at 34. Ms. Jones testified that Appellant was making an effort to "do better." *Id.* According to Ms. Jones, Appellant had accepted temporary jobs, started a limited liability company, and tried to fix his credit rating. *Id.* at 35. Ms. Jones testified that Appellant

"became a dad for my daughter[.]" *Id.* Although Appellant was selling drugs, Ms. Jones explained that Appellant was trying to provide for his family. *Id.*

Jacclyn Goldsborough (Ms. Goldsborough), Appellant's aunt, also testified on Appellant's behalf. *Id.* at 37. Ms. Goldsborough confirmed that Appellant was offered no rehabilitation services during his previous periods of incarceration. *Id.*

When imposing its sentence, the trial court explained that it considered the PSI, which it had reviewed on the record. *Id.* at 38. The trial court further considered the witnesses' testimony at the hearing and the sentencing guidelines. *Id.* The trial court considered Appellant's age, background, family life, and employment history. *Id.* at 39. According to the trial court, it further considered Appellant's guilty plea and acceptance of responsibility. *Id.*

Significantly, the trial court stated it considered Appellant's rehabilitative needs. *Id.* Nevertheless, the trial court stated, "the preeminent focus" in sentencing Appellant "is on protecting the public." *Id.* at 40. The trial court emphasized that Appellant is not a street-level addict selling to support his addiction, but "at least a high-level manager of that business in this particular case." *Id.* Thus, the record contradicts Appellant's claim that the trial court failed to consider mitigating evidence and his rehabilitative needs.

Finally, we emphasize that the trial court had the benefit of a PSI. We therefore "presume that the sentencing judge was aware of relevant

information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Our Supreme Court has stated,

> [a] PSI constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI], the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.*

In summary, the record contradicts Appellant's claim that the trial court considered only the seriousness of the offenses when fashioning its sentences. Further, the trial court had the benefit of a PSI, and appropriately weighed all sentencing factors when sentencing Appellant. ***See id.*** Appellant's first issue merits no relief.

In his second issue, Appellant argues that the trial court's sentence of 21-42 years in prison constitutes a *de facto* life sentence, thereby violating the Eighth Amendment to the United States Constitution,[3] and Article 1,

---

[3] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST Amend. VIII.

Section 13 of the Pennsylvania Constitution.[4]   Appellant's Brief at 25. According to Appellant, his aggregate sentence violates the constitutional prohibition against cruel and unusual punishment in this non-capital case. *Id.*

Appellant recognizes that "[t]he Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather it forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* at 26 (quoting *Commonwealth v. Lankford*, 164 A.3d 1250, 1252 (Pa. Super. 2017)).   Appellant argues that "there is a gross [dis]proportionality between the *de facto* life sentence and the noncapital crime of selling drugs and possessing firearms." *Id.* at 27.  Appellant directs our attention to statistics demonstrating the challenges to former prison inmates, especially those in a racial minority, when reentering society following incarceration. *Id.* at 28.

Appellant argues that his *de facto* life sentence is extreme and grossly disproportionate to the crimes of drug dealing and firearm possession. *Id.* at 29.  Appellant asserts the trial court's sentencing determination constitutes cruel and unusual punishment. *Id.*

The Commonwealth disagrees, pointing out that the trial court imposed sentences within the standard range of the sentencing guidelines.

---

[4] Article I, Section 13 of the Pennsylvania Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."  PA CONST Art. 1, § 13.

Commonwealth's Brief at 18-19. The Commonwealth maintains that the three sentences imposed consecutively were all within the standard guideline ranges. *Id.* at 19. According to the Commonwealth, because standard-range sentences are presumed reasonable, they cannot be considered excessive or grossly disproportionate. *Id.*

Initially, we observe that Appellant's claim that his sentences violate the cruel and unusual constitutional prohibitions presents a question of law; "thus, our scope of review is plenary, and our standard of review is *de novo*." **Commonwealth v. Hill**, 238 A.3d 399, 409-10 (Pa. Super. 2020) (citation omitted).

Upon review, we first disagree with Appellant's claim that his sentence of 21-42 years constitutes a *de facto* life sentence. Appellant was 44 years old at the time of sentencing, and will be 65 years old at the expiration of his minimum sentence. In **Commonwealth v. Anderson**, 224 A.3d 40 (Pa. Super. 2019), this Court concluded that a defendant did not receive a *de facto* life sentence, where he would be eligible for parole at 67 years of age.[5] Consequently, Appellant's claim of a *de facto* life sentence is without merit.

_____

[5] We recognize that the trial court imposed some sentences consecutively. The decision of whether to impose consecutive, rather than concurrent sentences is within the sound discretion of the trial court. **Commonwealth v. Zirkle**, 107 A.3 127, 133 (Pa. Super. 2014). As stated above, we discern no abuse of discretion by the trial court in sentencing Appellant.

Regarding Appellant's claim that his sentence violates the Eighth Amendment to the United States Constitution, and Article I, Section 13 of the Pennsylvania Constitution, we observe that "[t]he protections provided by Article I, Section 13 of the Pennsylvania Constitution are coextensive with those provided by the Eighth Amendment." *Commonwealth v. May*, 271 A.3d 475, 484 (Pa. Super. 2022).

In its opinion, the trial court considered and rejected Appellant's claim that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment:

> In Eighth Amendment challenges, [f]ederal and Pennsylvania [c]ourts look to the three objective criteria set out in *Solem v. Helm*[, 463 U.S. 277 (1983)]: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. [*Id.*] at 298; *See*[,] *e.g.*[,] *Commonwealth v. Howell*, 266 A.3d 690, 693 (Pa. 2021).
>
> [Appellant] was a high-level manager in Chester City's drug trade. Supported by illegal firearms, he introduced into the City of Chester large amounts of cocaine. Prior to the case at bar, repeated incarceration for drug offenses had not rehabilitated or deterred [Appellant] from these offenses. Recidivism has long been recognized as a legitimate basis for increased punishment and is a serious public safety concern. *Ewing v. California*, 538 U.S. 11 (2003).
>
> In *U.S. v. Walker*, 473 F.3d 71 (3rd Cir. 2007), the Court of Appeals for the Third Circuit, in [addressing] an Eighth Amendment challenge, justified the harshness of a 55-year sentence because "… the threat posed to the individual and society by possessing firearms in connection with serious felonies, such as the armed robberies and *drug-trafficking crimes* [the defendant] committed, is momentous enough to warrant the deterrence and retribution of lengthy consecutive sentences, such

- 14 -

as those imposed on [the defendant] in this case." [***Id.*** at 83 (citation omitted; emphasis added by the trial court)]. [**In the instant case, Appellant's sentence of**] **21 to 42 years is justified**[,] **given the gravity of the offenses committed.**

**This jurisdiction has sentenced** [d]**efendants similarly situated as** [**Appellant**] **to similar terms.** In ***Commonwealth v. Rickabaugh***, 706 A.2d 826 (Pa. 1997), [the d]efendant was convicted of six counts of [PWID] cocaine, one count of possession of cocaine, [35 P.S. § 780-113(a)(16),] three counts of conspiracy[,] and one count of corrupt organizations. [The d]efendant was sentenced to an aggregate term of 40 to 64 years. The [d]efendant was sentenced under a section of the statute requiring that the defendant possessed at least 100 grams of cocaine. ***Id.*** at 847.

Similar to ***Rickabaugh***, [Appellant] … was a recidivist who was charged with conspiracy charges, corrupt organization charges, and possession charges related to cocaine. [Appellant] has the additional consecutive charges for [persons not to possess firearms,] and numerically many more counts for drug offenses. Yet, he was sentenced to a term of imprisonment much shorter than the [d]efendant in ***Rickabaugh***. **The same jurisdiction has sentenced defendants more harshly for the same or lesser offenses.**

The [f]ederal case law accords with denying [Appellant's] Eighth Amendment challenge. In [***Harmelin v. Michigan***, 501 U.S. 957 (1991),] the U.S. Supreme Court held a life sentence for possession with intent to distribute conviction involving 672 grams of cocaine was not a violation of the Eighth Amendment. [***Id.*** at] 994. Similarly, in ***Huto v. Davis***, [454 U.S. 370 (1982),] the U.S. Supreme [rejected] an Eighth Amendment challenge to a 40-year sentence for the crime of possessing nine ounces (255 grams) of marijuana. [***Id.*** at 371-72.] Certainly, [**Appellant's**] **sentence is less severe than the** [f]**ederal standard for Eighth Amendment challenges.**

[Appellant's] … sentence of 21 to 42 years is not cruel or unusual punishment.

Trial Court Opinion, 9/27/24, at 15-17 (emphasis added; footnotes and some citations omitted). We agree with the trial court's reasoning and conclusion.

***See id.*** Appellant's claim that his sentence violated the constitutional prohibitions against cruel and unusual punishment merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/8/2025